**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

STATE OF OKLAHOMA,            )
                              )
          Plaintiff,          )
                              )
v.                            )   No.  CIV-07-289-FHS
                              )
BEVERLY FRANCES NAVES,        )
                              )
          Defendant.          )


## ORDER


Beverly Frances Naves ("Naves") stands charged in Case CM-05-42 in the District Court of Okfuskee County, Oklahoma, with driving under the influence of drugs and driving under suspension.[1]  Naves was charged in a two-count Information filed in the state court on February 8, 2005.  Naves made her initial appearance before the state court on February 17, 2005, was advised of the charges and her constitutional rights, and pled not guilty to both counts. Over the past two and one-half years, the state court has granted several of Naves' requests for continuances of trial dates.  The matter is currently set for trial on the state court's Fall Trial Docket beginning on September 24, 2007.

On September 13, 2007, Naves filed a Notice of Removal seeking to remove her state court criminal prosecution to this federal court pursuant to the provisions of 28 U.S.C. § 1446(a), (c)(1) and

---

[1].  The documents attached to the Okfuskee County Court Clerk's Certificate in Case CM-05-42 indicate other charges are pending against Naves under Case Nos. TR-05-190, TR-05-191, and TR-05-192 for taxes due the State, failure to yield to emergency vehicle, and failure to carry insurance.

(c)(2).[2]  Having reviewed Naves' notice as required by 28 U.S.C. § 1446(c)(4), the Court concludes a summary remand is appropriate.

Initially, the Court finds that Naves' Notice of Removal is not timely as it was not filed within thirty days of Naves' arraignment in state court.  28 U.S.C. § 1446(c)(1) provides:

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

Naves was arraigned on the state court charges on February 17, 2005.  See 22 O.S. § 465 (arraignment consists in reading information to defendant and asking for plea of guilty or not guilty).  Naves filed her Notice of Removal on September 13, 2007 - approximately two and one-half years after her arraignment. Clearly, Naves' Notice of Removal was not timely filed and no good cause has been shown for an extension of the thirty-day period.[3] See People of State of N.Y. v. Mitchell, 637 F.Supp. 1100, 1103

_____

[2] 2.  Naves simultaneously filed other documents, including a "Cross-complaint for injunctive and declaratory relief and Cross-complaint for civil rights violations and racketeering, sequentially, 28 U.S.C. § 2201, 42 U.S.C. § 1983, and 18 U.S.C. § 1964(a) and (c)," wherein she attempts to assert claims against additional defendants, Mark Ihrig, Glen D. Hickerson, Keith Robertson, Jim Parish, and David N. Martin.  These additional defendants are the judges (Ihrig and Martin), the prosecutor (Hickerson), and the Oklahoma Highway Patrol Officers (Robertson and Parish) involved in the state court criminal proceedings.

[3] 3.  To the extent Naves attempts to establish good cause by claiming a violation of her right to a speedy trial, the Court finds this assertion rings hollow as the state court record establishes that it was Naves who requested the continuances of the trial settings.

(S.D. N.Y. 1986)(removal filed more than five months after state court arraignment is untimely).

Even assuming Naves' Notice of Removal was timely, the Court nonetheless concludes summary remand is appropriate. In her notice, Naves asserts the following grounds for removal of the state court criminal prosecution:

> Removal is proper because plaintiff's suit involves federal questions and trespass on the Substantive Rights of Beverly Frances Naves. All cross-defendants have confessed to violating 18 U.S.C. §§ 3, 241, and 1341. Based on reasonable information and belief, all defendants referenced in Beverly Naves' cross-claim are functionally illiterate.

Notice of Removal, p. 2. As further support for removal, Naves asserts that "[a]ll opposing parties have broken the law and have unclean hands and the trial Court has refused Beverly Frances Naves' substantive rights including the right to a speedy trial." Id. at 3. None of these grounds, either individually or collectively, warrant removal.

Naves' reliance on 18 U.S.C. §§ 3, 241, and 1341 does not support removal jurisdiction as she has no standing to pursue claims under these federal criminal statutes. See Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges, 248 F.Supp.2d 17, 23 (D. D.C. 2003)(18 U.S.C. §§ 241 and 242 are criminal prohibitions against deprivations of rights under color of law and conspiracy to deprive persons of such rights and, as criminal statutes, do not provide for a private right of action for civil liability); Creech v. Federal Land Bank of Wichita, 647 F.Supp. 1097, 1099 (D. Colo 1986)(no private right of action exists for mail fraud under 18 U.S.C. § 1341). As a result, removal based on these federal criminal statutes is improper.

3

A liberal construction of Naves' Notice would also suggest she relies on 28 U.S.C. § 1443 as a potential basis for removal. Although Naves does not cite this section in her Notice, it could be argued that her allegations of civil rights violations in the underlying criminal prosecution might fall under the statute's "Civil rights cases" umbrella. 28 U.S.C. § 1443(1) provides for the removal of any criminal prosecution commenced in state court under circumstances where a defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." The phrase "any law providing for the equal civil rights" has been "construed to mean any law, providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966). Thus, Naves' removal of the state criminal prosecution is not proper under section 1443(1) unless she can establish a right arising "under a federal law providing for civil rights based on race and [she] must show that [she] cannot enforce the federal right due to some formal expression of state law." State v. Haws, 131 F.3d 1205, 1209 (7th Cir. 1997), cert. denied, 118 S.Ct. 1803 (1998).

From a review of Naves' notice, the Court concludes section 1443(1) does not apply as the issues raised are not stated in terms of racial equality. Simply stated, a reading of the notice reveals the absence of any allegation about race. Moreover, Naves has failed to make the requisite showing that she cannot enforce her rights in state court. The issues raised are those typically addressed in state criminal prosecutions and Naves has not shown that the state court has been "unable or unwilling to resolve [her] claim." Id. Consequently, this is not a removable case under section 1443(1).

Additionally, section 1443(2) does not provide a basis for removal.  Under section 1443(2), a defendant charged in state court may remove a criminal prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  This "color of law" provision limits the application of the removal privilege to those federal officers and those assisting such officer in the performance of their official duties.  <u>Florida-Vanderbilt Development Corp. v. Matthews</u>, 454 F.2d 194 (5th Cir.), <u>cert. denied</u>, 409 U.S. 861 (1972).  As Naves makes no claim of being a federal officer, or one assisting such officer, section 1443(2) cannot serve as a basis for removal.

Based on the foregoing reasons, the Court concludes removal should not be permitted.  The clerk of the Court is directed to remand this case to the District Court of Okfuskee County, Oklahoma.

It is so ordered this 18th day of September, 2007.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma